NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7, | |
| Plaintiff, | Civil Action No. 13-7439 (JAP) |
| v. | **OPINION** |
| Gregory A. Brown, Mary Ellen Brown, husband and wife and each of theirs heirs, devisees and personal representatives, and his, their or any of their successors in right, title and interest; Woodhaven Lumber & Millwork, Inc., | |
| Defendants. | |

PISANO, District Judge.

Presently before the Court is Plaintiff, HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation's ("Plaintiff") motion to remand this matter to the Superior Court of New Jersey, Chancery Division, Hunterdon County [docket #4]. Defendants, Gregory and Mary Ellen Brown (collectively referred to as "Defendants") oppose this motion [docket #5]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, this Court GRANTS Plaintiff's motion to remand [docket #4].

I.     BACKGROUND

Plaintiff's Complaint, received by the Court on December 9, 2013 [docket #1], consists of a foreclosure action against Defendants relating to a note executed in the amount of $943,000.00 to secure a mortgage on property located at 9 Barlow Drive, Tewksbury, NJ 07830. According to the Complaint, the note contains a provision that says if the obligor commits an act of default the

entire amount due on the note may be demanded. See Plaintiff's Complaint, attached as Exhibit A to the Notice of Removal [docket #1] ("Compl."), at ¶ 5. Plaintiff contends that Defendants failed to make an installment payment when the same became due and payable and as such, the loan is in default as of June 1, 2011. Compl., at ¶ 6. Plaintiff elected to accelerate the amount due on the loan and filed the instant suit in the Superior Court of New Jersey, Chancery Division, Hunterdon County.

On December 9, 2013, Defendants removed the matter to this Court. Defendants' notice of removal asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is allegedly a debt collector as defined under the Fair Debt Collections Practices Act ("FDCPA") and therefore, a federal question arises on the face of Plaintiff's Complaint. Plaintiff now moves to remand this action to state court, contending that this is a state residential foreclosure action and there is simply no federal question that can serve as the basis for removal in this matter. Plaintiff asserts that, to the extent federal question jurisdiction may exist pursuant to the FDCPA, Plaintiff is not a debt collector as defined in the statute and jurisdiction does not exist in this Court.

## II. DISCUSSION

### a. Legal Standard

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that federal district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." 28 U.S.C. § 1446(a). The removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. See *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir.2007);

*Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir.2004); see also *Wells Fargo Bank, N.A. v. Mastoris,* Civil Action No. 13–5008, 2013 WL 6154531, at *3 (D.N.J. Nov. 22, 2013). The Third Circuit has clarified that "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Id.* (citing *Steel Valley Auth.* v. *Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987)).

"Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citation omitted). The purpose of this rule is to "make plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* To have a federal claim, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank*, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936) (citation omitted). Further, a legitimate controversy surrounding the federal claim must exist, it may not be merely possible or conjectural, "and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. (internal citations omitted).

    **b.**    **Analysis**

Here, Defendant's sole basis for removal is that "Plaintiff is a debt collector as defined under the FDCPA, 15 U.S.C. § 1692, *et seq*. [and] [t]herefore, federal question jurisdiction exists over Plaintiff's claims . . . because the resolution of [their] claims will require adjudication of disputed questions of federal law." See Defendant's Notice of Removal, at ¶ 10. The parties dedicate a significant portion of their briefing on the instant motion to whether Plaintiff is or is not a debt collector under the FDCPA. In making these arguments, however, the parties are missing

3

the mark.  Rather, whether Plaintiff qualifies as a debt collector is irrelevant at this stage of the litigation.  Further, nowhere on the face of Plaintiff's complaint is an assertion under the FDCPA or any other federal statute.  Simply put, there is no federal right or immunity created by the Constitution or laws of the United States that form an essential element of Plaintiff's cause of action.  Accordingly, this Court is without subject matter jurisdiction and the matter must be remanded to state court.

## III.   CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiff's motion to remand [docket #4] and accordingly REMANDS this action to the Superior Court of New Jersey, Chancery Division, Hunterdon County.  An appropriate Order accompanies this Opinion.

Dated: October 21, 2014                     /s/ Joel A. Pisano
                                            JOEL A. PISANO, U.S.D.J.